IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAT BURCH,
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Respondent*.

Criminal No.: ELH-08-086
Related Civil No.: ELH-16-1830

**MEMORANDUM**

This Memorandum resolves a Petition filed by counsel under 28 U.S.C. § 2255, on behalf of Tat Burch, Petitioner. ECF 1481. Burch was one of 28 defendants indicted in February 2008 on multiple charges, including conspiracy to distribute and possess with intent to distribute controlled substances and possession of a firearm by a convicted felon. The case was assigned to Judge William D. Quarles, Jr., who has since retired. It was reassigned to me on January 29, 2016.

No hearing is necessary to resolve the Petition. *See* 28 U.S.C. § 2255(b). For the reasons that follow, I shall deny the Petition.

### I.    Background

On August 13, 2009, Mr. Burch entered a plea of guilty to Count 13 of the Indictment, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* ECF 573. The plea was entered pursuant to a Plea Agreement, docketed at ECF 577.

Notably, the plea was entered under Fed. R. Crim. P. 11(c)(1)(C), in which the parties stipulated to a sentence of 120 months' imprisonment. *See* ECF 577, ¶ 9. Pursuant to the Plea Agreement (ECF 577), the parties also stipulated that the defendant committed the offense at

issue "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, pursuant to U.S.S.G. § 2K2.1(a)(2)." *Id.* ¶ 6(a).

Sentencing was held on January 6, 2009. ECF 746. The Presentence Report ("PSR"), ¶ 16, assigned a base offense level of 24 for the offense under U.S.S.G. § 2K2.1(a)(2), based on the determination that Burch had two prior felony convictions for crimes of violence.[1]

Judge Quarles determined that Petitioner's base offense level was 24. Presumably, this was based on Burch's two prior convictions for crimes of violence: second degree assault and resisting arrest.[2] *See* U.S.S.G. § 2K2.1(a)(2); U.S.S.G. § 4B1.1. Burch earned three deductions for acceptance of responsibility. Therefore, according to the Statement of Reasons (ECF 758), Burch's final offense level was 21, with a criminal history category of III. This yielded a sentencing guidelines range of 46 to 57 months' imprisonment. However, pursuant to the C Plea, Judge Quarles imposed a sentence of 120 months' incarceration, with credit from August 23, 2007, and three years of supervised release. ECF 757.

Following the sentencing, Burch did not appeal his conviction or his sentence. He was released to supervised release on October 26, 2017.[3]

On March 7, 2016, *i.e.*, prior to Burch's release to supervised release, the Federal Public Defender sought appointment to represent Burch and many other defendants who were considered potentially eligible for relief under 28 U.S.C. § 2255, in light of the Supreme Court's

---

[1] The PSR was not docketed. However, Judge Quarles's file contained the PSR. *See* ECF 1649. Therefore, I docketed the PSR, under seal.

[2] The sentencing transcript has not been provided to the Court.

[3] The Petition is not moot because, while on supervised release, Burch is considered to be in federal custody. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2251 (2015). *See* ECF 1461. Then Chief Judge Catherine Blake granted the motion. *Id.*

Thereafter, on June 2, 2016, the Office of the Federal Public Defender filed the Petition under 28 U.S.C. § 2255. ECF 1481. Petitioner argued that the Court's sentence of 120 months' imprisonment was predicated on the erroneous conclusion that the defendant's prior record included two offenses under Maryland law that qualified as crimes of violence: second degree assault and resisting arrest. On July 20, 2017, the Federal Public Defender moved to withdraw as counsel for Petitioner. *See* ECF 1527. I approved that motion on the same date. ECF 1528.

On February 23, 2018, the government filed its response to Petition. ECF 1531. Mr. Burch has not replied, and the time to do so has expired.

## II. Discussion

Petitioner contends that the convictions of second degree assault and resisting arrest do not qualify as a "crime of violence." As a result, he maintains that his offense level was improperly enhanced.

Section 2K2.1 of the United States Sentencing Guidelines applies to the underlying offense. Section 2K2.1(a)(2) provides for an offense level of 24 if the defendant committed the firearm offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

Application Note 1 to § 2K2.1 provides that "crime of violence" has the meaning given to that term in U.S.S.G. § 4B1.2(a). U.S.S.G. § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

3

Section 4B1.2(a) states, in part:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . .

Section 4B1.2(a) is sometimes referred to as the Force Clause. Relying on *Johnson*, Burch argues that his prior offenses did not constitute crimes of violence under U.S.S.G. § 4B1.2(a). ECF 1481 at 2. In *Johnson*, the Supreme Court did not address the Force Clause. Rather, it struck down the Residual Clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ruling that the definition of a "violent felony" in the Residual Clause was unconstitutionally vague. 135 S. Ct. at 2555-57; *see also United States v. Winston*, 850 F.3d 667, 680 (4th Cir. 2017) (explaining *Johnson*).

Notably, the scope of review of non-constitutional error is more limited than that of constitutional error. *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). A non-constitutional error provides a basis for collateral attack only when it involves "'a fundamental defect which inherently results in a complete miscarriage of justice'" or is "'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 495-96 (citations omitted); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Of import here, "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)), *cert. denied*, 135 S. Ct. 2850 (2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

4

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). In *Beckles*, the Court determined that the advisory sentencing guidelines are not subject to *Johnson* challenges. As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. The *Beckles* Court held, *id.* at 895: "[T]he advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and . . . § 4B1.2(a)'s residual clause is not void for vagueness."

In light of *Beckles*, 137 S. Ct. 886, the Petition is without merit.

### III. Conclusion

For the reasons stated above, Petitioner's Motion (ECF 1481) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ____ U.S. ____, 137 S. Ct. 759, 773 (2017). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

In my view, reasonable jurists would not find Petitioner's claim debatable. Therefore, a certificate of appealability is DENIED.[4]

A separate Order follows.

Dated: May 7, 2018                                     /s/
                                            Ellen L. Hollander
                                            United States District Judge

---

[4] The district court's denial of a COA does not preclude a petitioner from seeking a COA from the appellate court.